## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FIRST STREET MART, INC. | ) | Case No. 10-50580 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

### MEMORANDUM OPINION

This matter came before the Court on March 25, 2011, upon the First Application for Compensation for Special Counsel for Trustee (the "Application"), filed on behalf of the Chapter 7 Trustee on February 23, 2011. The Application sought to compensate Daniel C. Bruton, as special counsel for the Trustee, for his services in recovering assets for the benefit of the bankruptcy estate. Mr. Bruton appeared at the hearing. Robert E. Price, Jr. appeared on behalf of the United States Bankruptcy Administrator (the "BA"). The Court finds that reasonable compensation pursuant to the Application is $4,300.00 in fees and $57.31 in expenses.

### I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

### II.  FACTS

The Trustee moved to employ Mr. Bruton as special counsel under Section 327(a) concerning "the collection and potential litigation [sic] Rubina Kahn and Jay Mahi, Inc. regarding

the recovery of certain transfers of assets to those persons / entities." The motion sought an order authorizing the employment "on a contingency of 25% plus costs, to be approved by the Court."

Although the motion addressed employment on a contingency fee basis, the proposed order filed by Mr. Bruton authorized him to represent the Trustee "upon such compensation as may be approved by the Court pursuant to 11 U.S.C. § 330(a)." The order entered by the Court contains similar language.[1] Neither the proposed order nor the order entered by the Court approved a contingency fee pursuant to Section 328 of the Bankruptcy Code.

Nearly eight months later, Mr. Bruton filed the Application and requested $7,000.00 in fees, which reflected 25 percent of the $28,000.00 that he had recovered for the estate.

### III.  ANALYSIS

The decision of this matter requires the Court to determine the reasonable compensation for Mr. Bruton's services to the estate. Because the order employing Mr. Bruton did not provide for a contingency fee pursuant to Section 328, the Court will determine reasonable compensation pursuant to Section 330 of the Bankruptcy Code.

**A.  Section 328 Versus Section 330**

Section 327 of the Code authorizes a trustee, with the court's approval, to employ professionals to represent the trustee. Section 328(a) states that the trustee, with the court's approval, "may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly

---

[1] The order provides, "Therefore, it is ORDERED that Bruce Magers, Trustee, be and hereby is, authorized pursuant to Section 330(a) of the Bankruptcy Code, to employ Daniel C. Bruton and the law firm of Bell, Davis & Pitt, P.A. as counsel to represent him in litigation against Rubina Khan and Jay Mahi, Inc. regarding certain transfers of estate assets to those persons/entities, upon such compensation as may be approved by the Court."

basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 provides that "the court may award to . . . a professional person employed under section 327 . . . (A) reasonable compensation for actual, necessary services . . . and (B) reimbursement for actual, necessary expenses."

Professionals employed in bankruptcy cases often accept the uncertainty of not knowing what the court will consider reasonable compensation under Section 330. They may seek to avoid this uncertainty by having their fee arrangements approved in advance by the court under Section 328. Fee arrangements approved by a court under Section 328 prevent the court from later modifying the fee arrangement, except in rare circumstances. See In re Nat'l Gypsum Co., 123 F.3d 861, 862 (5th Cir. 1997) (discussing the dichotomy between compensation under Section 328 and Section 330 and holding: "If prior approval is given to a certain compensation, § 328 controls and the court starts with that approved compensation, modifying it only for developments unforeseen when originally approved."). As noted by the Third Circuit:

> Generally, a Bankruptcy Court reviewing a professional's fee application under Section 330(a)(1) must award that professional a fee that is "reasonable" in light of certain factors set out in that provision. But when a Bankruptcy Court has "fix[ed] . . . terms and conditions" of employment for an application to employ that was approved, the Court may allow compensation on different terms or conditions only if the court's initial approval "prove[s] to have been improvident in light of developments not capable of being anticipated at the time" of approval.

In re Federal Mogul-Global Inc., 348 F.3d 390, 396-97 (3d Cir. 2003) (Alito, J.) (citations omitted).

Thus, there is a significant distinction between compensation awarded under Section 330 to a professional who has been employed under Section 327, and compensation awarded to a professional according to an arrangement previously approved under Section 328. In this case, although Mr. Bruton was approved as special counsel, no contingency fee was approved. His

3

compensation, therefore, must be determined under Section 330. In re Airspect Air, Inc., 385 F.3d 915, 922 (6th Cir. 2004) (bankruptcy court never "pre-approved" contingency fee arrangement; although employment application recited terms of parties' contingency agreement, neither application nor court order approving employment referred to Section 328, addressed the reasonableness of a contingency fee, or provided for approval of contingency agreement); In re Kucek Development Corp., 113 B.R. 652, 656 (E.D. Cal. 1990) (counsel for trustee was not entitled to compensation on a contingency fee basis, even if counsel and trustee had entered into a contingency fee arrangement, because bankruptcy court had not approved such an arrangement at the time counsel was employed).

### B. Reasonable Compensation Pursuant to Section 330(a)

No contingency fee for Mr. Bruton was approved, so the Court is required to award a fee that is reasonable upon consideration of the factors provided in Section 330(a)(3).[2] See also Johnson v.

---

[2]Under Section 330(a)(3),
[i]n determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
    (A) the time spent on such services;
    (B) the rates charged for such services;
    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Georgia Highway Express, Inc., 488 F.2d 714, 718-19 (5th Cir. 1974) (setting forth a list of twelve factors to consider in determining reasonable fees).

Mr. Bruton spent 16.6 hours working on this case, which this Court finds reasonable given the complexity, importance, and nature of the issue. His time sheet reflects an hourly rate of $259.04, which this Court finds reasonable in comparison to comparably skilled practitioners. Mr. Bruton's services benefitted the estate, and he has demonstrated skill and experience in the bankruptcy field. Therefore, after consideration of the factors enumerated in Section 330(a)(3), the Court finds that Mr. Bruton's reasonable compensation is $4,300.00.

### C. Procedure for Employment Under Section 328

Because the standard for compensation of professionals under Section 328(a) is different than the standard under Section 330(a), professionals should unambiguously state the basis for employment in their application for employment. See In re Smart World Technologies, LLC, 552 F.3d 228, 233 (2nd Cir. 2009) ("We agree with the Sixth Circuit and hold that pre-approval of a fee agreement under 11 U.S.C. § 328(a) depends on the totality of the circumstances, including whether the professional's application, or the court's order, referenced section 328(a), and whether the court evaluated the propriety of the fee arrangement before granting final, and not merely preliminary, approval.").

If a professional desires to be compensated on a pursuant to Section 328, the application to employ the professional should cite to Section 328(a), explain the proposed fee arrangement, explain the scope of the proposed employment, and provide the reason or reasons that the movant believes

justify such an arrangement.[3]  For instance, a contingency fee might be proposed because the estate has little or no assets, and the proposed professional is taking a risk that he or she will not be paid; compensation for the professional might be dependent on whether the professional is successful in recovering assets for the estate.  See, e.g., In re Gurley, 379 B.R. 194, 201 (Bankr. M.D. Fla. 2007) (court found that contingency fee was reasonable given that "[t]he case was initially a no asset case and the Applicant had no assurance of payment of his fees and expenses").  Or the proposed professional might be called upon to perform services that are so specialized that hourly compensation would not be reasonable. In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 29-33 (Bankr. S.D.N.Y. 1991) (court provided guidelines for the retention of investment banks on a retainer basis).

### III.  CONCLUSION

Section 330 allows this Court to award Mr. Bruton "reasonable compensation."  Pursuant to the Application and for the reasons stated above, reasonable compensation for Mr. Bruton in this case is $4,300.00.  Therefore, the Court finds that Mr. Bruton and the law firm of Bell, Davis & Pitt, P.A. will be allowed $4,300.00 in fees and $57.31 in expenses, for a total of $4,357.31, and the Trustee is directed to pay the same.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

---

[3] In addition, the movant should submit a proposed order that provides such information and approves the employment under Section 328(a).

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FIRST STREET MART, INC. | ) | Case No. 10-50580 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**PARTIES IN INTEREST**

Daniel C. Bruton, Esq.

Bruce Magers, Chapter 7 Trustee

Michael D. West, Bankruptcy Administrator